UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN MCGEE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:05-CV-528-FRB |
| TONY MENDITTO, et al., | ) ) ) |
| Respondents. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the motion of Kevin McGee for leave to commence this action without payment of the required filing fee, see 28 U.S.C. § 1915(a), and application for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court will grant him leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).[1] Because the instant petition is time-barred, the Court will dismiss it without requiring a response from the State.[2]

---

[1] The Court notes that this action was originally filed in the United States District Court for the Western District of Missouri. On March 25, 2005, the Western District provisionally granted petitioner leave to proceed in forma pauperis and transferred this action to this Court [Doc. #3].

[2] Petitioner states he is challenging a judgment of June 8, 1987. In a previously-filed section 2254 action, which this Court dismissed as untimely, petitioner stated he was challenging a judgment of June 8, 1988. See McGee v. Menditto, No.4:04- CV-139-CAS (E.D. Mo.). In its Order transferring this action to the Eastern District, the Honorable Scott O. Wright noted that the instant petition appeared to be a second or successive habeas

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

### The petition and amended petition

Petitioner, who is confined at the Fulton State Hospital in Fulton, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 8, 1987 plea of not guilty by reason of insanity ("NGRI") entered in the "32nd Judicial Circuit." Petitioner alleges, among other things, that he was coerced by his attorney into entering a NGRI plea.

### Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1), and is subject to summary dismissal. Petitioner states that he entered his NGRI plea on June 8, 1987 but did not appeal his NGRI plea. Thus, only § 2244(d)(1)(A) is applicable to petitioner, and his one-year limitation period began to run on the date upon which his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Because petitioner did not appeal his NGRI plea, his one-year

---

petition. It is unclear to this Court whether petitioner is, in fact, challenging the same judgment of conviction, in which case petitioner would be required to seek and obtain approval from the United States Court of Appeals for the Eighth Circuit before he could proceed in this court. Based on petitioner's allegations in the instant petition, the Court will not treat the instant action as successive, but rather as time-barred.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

limitation period began to run, at the latest, ten days from June 8,198 7,the date on which petitioner's judgment was entered. Cf. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998); Mo. Sup. Ct. R. 30.01(d). Because the judgment he wishes to attack became final before the establishment of the one-year limitation period, he is entitled to a one-year grace period ending on April 24, 1997. See Ford v.Bow ersox, 178 F.3d 522,523 (8th Cir. 1999). The instant petition was received by this Court almost eight years after the running of the one-year limitation period.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc.#2] is **GRANTED**. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the instant application for writ of habeas corpus [Doc. #1] and amended petition [Doc. #5] are **DENIED** as time-barred. See 28 U.S.C. § 2243, and Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate Order of Dismissal will accompany this Order and Memorandum.

Dated this 13th day of June, 2005

/s/ Jean C.H amilton

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com